UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARRYL JABLONSKI,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____



**DECISION AND ORDER**

1:18-CV-00597 EAW

## **INTRODUCTION**

Represented by counsel, Plaintiff Darryl Jablonski ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 13; Dkt. 14), and Plaintiff's reply (Dkt. 15). For the reasons discussed below, Plaintiff's motion (Dkt. 13) is granted in part, and the Commissioner's motion (Dkt. 14) is denied.

- 1 -

## BACKGROUND

Plaintiff filed his application for DIB on August 13, 2014. (Dkt. 8 at 15, 71).[1] In his application, Plaintiff alleged disability beginning September 1, 2011, due to posttraumatic stress disorder, herniated discs in his neck, fibromyalgia, and depression. (*Id.* at 71-72). Plaintiff's application was initially denied on December 12, 2014. (*Id.* at 87-90). At Plaintiff's request, a hearing was held on December 21, 2016, with Plaintiff testifying in Buffalo, New York before administrative law judge ("ALJ") Timothy M. McGuan. (*Id.* at 34-53, 97-98). On April 24, 2017, the ALJ issued an unfavorable decision. (*Id.* at 12-26). Plaintiff requested Appeals Council review; his request was denied on March 26, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-9). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520(g). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2016. (Dkt. 8 at 17). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since September 1, 2011, the alleged onset date, through his date last insured of December 31, 2016. (*Id.* at 17).

At step two, the ALJ found that, through the date last insured, Plaintiff suffered from the severe impairments of "posttraumatic stress disorder, depressive disorder, herniated disks [sic] at C4-5 and C5-6 levels, impingement syndrome of the right shoulder, and bilateral median neuropathies of the wrist." (*Id.*).

At step three, the ALJ found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 18). Specifically, the ALJ considered the requirements of Listings 1.02, 1.04, 11.14, 12.04, and 12.06 in reaching his conclusion. (*Id.* at 18-20).

Before proceeding to step four, the ALJ determined that, through the date last insured, Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff] can occasionally interact with the public and occasionally understand, remember, and carry out complex and detailed tasks. [Plaintiff] is able to do simple, unskilled work.

(*Id.* at 20). At step four, the ALJ found Plaintiff was unable to perform any past relevant work through the date last insured. (*Id.* at 24).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of mail clerk and inspector. (*Id.* at 24-25). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act at any time from the alleged onset date through the date last insured. (*Id.* at 25-26).

## II. Remand of this Matter for Further Proceedings is Required

Plaintiff asks the Court to reverse the Commissioner's determination, arguing that: (1) the ALJ erred in failing to evaluate Plaintiff's condition under Listing 12.15; (2) the ALJ's findings under paragraphs (B) and (C) of Listings 12.04 and 12.06 were unsupported by substantial evidence of record; and (3) the ALJ erred in failing to develop the record by not obtaining treatment notes from the Monsignor Carr Institute. (Dkt. 13-1 at 13-18). As discussed below, the Court concludes that the ALJ did not appropriately explain why Plaintiff did not satisfy the criteria of paragraph (C) of Listings 12.04 and 12.06, precluding meaningful review by this Court. Accordingly, the Court finds remand of this matter for further proceedings necessary.

### A. The ALJ's Step Three Determination

Plaintiff makes two arguments regarding the ALJ's step three determination. First, Plaintiff argues the ALJ should have evaluated Plaintiff's PTSD under Listing 12.15 for

trauma- and stressor-related disorders. (Dkt. 13-1 at 13-15). Second, Plaintiff argues the ALJ's assessment of the criteria of paragraphs (B) and (C) of Listings 12.04 and 12.06 was unsupported by substantial evidence. (*Id.* at 15-17). For the reasons that follow, the Court agrees that the ALJ failed to appropriately consider whether Plaintiff satisfied the paragraph (C) criteria, and accordingly, need not consider whether the failure to consider Listing 12.15 was reversible error.

To satisfy the requirements of Listings 12.04, 12.06, or 12.15, Plaintiff must meet the criteria of paragraph (A) and either paragraph (B) or (C) of those Listings. Paragraphs (B) and (C), under Listings 12.04, 12.06, and 12.15, are identical. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06, and 12.15. To satisfy the paragraph (B) criteria, a claimant must "show extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: 1. Understand, remember or apply information; 2. Interact with others; 3. Concentrate, persist, or maintain pace; 4. Adapt or manage oneself." *Jeffrey W. v. Berryhill*, No. 1:18-CV-0115 (LEK), 2019 WL 2210593, at *7 (N.D.N.Y. May 22, 2019) (quotation omitted). A limitation is "marked" if it "interferes seriously with a claimant's ability to function independently, appropriately, effectively, and on a sustained basis." *Id.* (quotation and alteration omitted).

To satisfy the paragraph (C) criteria, a claimant must show "(1) medical documentation of the disorder for a period of at least two years and (2) evidence of both (a) medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the mental disorder," as well as "marginal adjustment, that is, the claimant has minimal

capacity to adapt to changes in his environment or to demands that are not already part of his daily life." *Id.* (quotation and alterations omitted).

In deciding Plaintiff's claim, the ALJ provided a relatively robust discussion of the paragraph (B) criteria, and ultimately concluded Plaintiff had: moderate limitations in understanding, remembering, or applying information; moderate limitations in interacting with others; mild limitations in concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing oneself. (Dkt. 8 at 19). Plaintiff has raised a number of objections to the ALJ's assessment of the paragraph (B) criteria, all of which are essentially disagreements over the ALJ's view of the medical evidence of record. (*See* Dkt. 13-1 at 15-17). Having reviewed the record, the Court finds Plaintiff has not demonstrated reversible error in the ALJ's assessment of the paragraph (B) criteria.

However, the Court cannot reach the same conclusion as to the ALJ's evaluation of the paragraph (C) criteria, because the ALJ provided no explanation of how he found the paragraph (C) criteria were not satisfied, precluding this Court's meaningful review. Instead, the ALJ simply regurgitated the paragraph (C) criteria, stating:

> With regard to listings 12.04 and 12.06, the record reflects that there is no evidence of medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the claimant's mental disorder; <u>and</u> marginal adjustment, which is minimal capacity to adapt to changes in her environment or to demands that are not already part of her daily life.

(Dkt. 8 at 19). The ALJ did not cite to any record evidence in support of his findings with respect to the paragraph (C) criteria, or provide any explanation, beyond reciting the standard, for how he reached his conclusion. (*See id.*). Indeed, given that the ALJ twice referred to the male Plaintiff as "her" in his cursory evaluation of the paragraph (C) criteria

- 8 -

(*see id.*), it appears that the ALJ merely copied and pasted the language of paragraph (C) into his decision.

On this record, the Court cannot conclude the ALJ analyzed Plaintiff's condition under the specific criteria of paragraph (C). "A hearing officer must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision," and "[e]ven where the hearing officer's ultimate conclusion is potentially supportable, the Court ought not affirm a decision where there is a reasonable basis for doubting whether the appropriate legal standards were applied." *Aregano v. Astrue*, 882 F. Supp. 2d 306, 320 (N.D.N.Y. 2012) (quotation omitted) (remanding for further proceedings where ALJ failed to justify his findings under paragraph (C)). As such, in the absence of meaningful analysis by the ALJ of the paragraph (C) criteria, the Court finds remand for further proceedings is necessary. *See Bohn v. Comm'r of Soc. Sec.*, No. 7:10-CV-1078 (TJM/DEP), 2012 WL 1048607, at *9-10 (N.D.N.Y. Mar. 5, 2012) (remanding for further proceedings due to ALJ's failure to offer explanation of assessment of paragraph (C) criteria), *report and recommendation adopted*, 2012 WL 1048867 (N.D.N.Y. Mar. 28, 2012); *Lewis v. Astrue*, No. 11 Civ. 7538(JPO), 2013 WL 5834466, at *31 (S.D.N.Y. Oct. 30, 2013) (remanding for further proceedings due to ALJ's lack of explanation regarding paragraph (C) criteria).

B. **Plaintiff's Remaining Arguments**

As set forth above, Plaintiff has identified additional reasons why the Commissioner's determination requires reversal. However, because the Court has already determined that remand of this matter for further proceedings is necessary, the Court

declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13 Civ. 06844 (LGS)(DF), 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 13) is granted to the extent that the matter is remanded for further administrative proceedings. The Commissioner's motion for judgment on the pleadings (Dkt. 14) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 13, 2019
      Rochester, New York